UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON ALAN McCARTHY,

                Plaintiff,

      -against-

WARDEN,

                Defendant.

20-CV-3364 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently in pretrial detention at the Hampton Roads Regional Jail, in Portsmouth, VA, brings this *pro se* action concerning his current detention, alleging that he is at risk of contracting COVID-19. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Virginia.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

    Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff alleges that he is at risk of contracting COVID-19 while detained in a jail located in Portsmouth, Virginia. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1). Plaintiff's claims arose in

Portsmouth, Virginia, which is in the Eastern District of Virginia. *See* 28 U.S.C. § 127. Accordingly, venue lies in the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Virginia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of Virginia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2020
         New York, New York

                                                        _____
                                                           COLLEEN McMAHON
                                                        Chief United States District Judge

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* or a prison authorization, pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b)(1).